# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| REBECCA S. EVANS, ) | |
| ) | No. 8:13-cv-01325-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for supplemental security income ("SSI"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.    Procedural History

Plaintiff Rebecca S. Evans ("Evans") filed an application for SSI on August 4, 2009, alleging disability beginning on August 4, 2009.[1] The Social Security Agency denied Evans's claim initially and on reconsideration. Evans requested a hearing before an administrative law judge ("ALJ"), and ALJ Frances W. Williams held a hearing on December 20, 2011. The ALJ issued a decision on March 12, 2012, finding Evans not disabled under the Social Security Act. Evans requested Appeals Council review of the

---

[1] Evans initially alleged an onset date of December 31, 2003 but amended the date to August 4, 2009 at the ALJ hearing.

ALJ's decision. The Appeals Council denied Evans's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On May 15, 2013, Evans filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on July 18, 2014, recommending that this court affirm the ALJ's decision. Evans filed objections to the R&R on August 4, 2014 and the Commissioner responded to Evans's objections on August 21, 2014. The matter is now ripe for the court's review.

### B. Medical History

Because Evans's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead only notes a few relevant facts. Evans was born on March 29, 1962 and was 47 years old on the alleged onset date. She completed high school and two years of vocational school and has past relevant work experience as a cashier, an order locator, and a credit clerk.

### C. ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Evans was disabled from August 4, 2009 through March 12, 2012. The ALJ first determined that Evans did not engage in substantial gainful activity during the relevant time period. Tr. 84. At the second step, the ALJ found that Evans suffered from the following severe impairments: bipolar disorder, anxiety, diabetes mellitus, chronic obstructive pulmonary disease ("COPD"), and obesity. Id. At step three, the ALJ determined that Evans's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments. Tr. 86; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ

determined that Evans had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 404.1567(c).  Tr. 88.  Specifically, the ALJ determined that Evans could:  lift up to 50 pounds occasionally and up to 25 pounds frequently; climb ladders occasionally; and never climb ropes or scaffolds.  Id.  The ALJ determined that Evans could not have concentrated exposure to dust, fumes, gasses, or odors.  Id.  The ALJ further determined that Evans is able to performed unskilled work with only occasional direct communication with the public and occasional team-type interaction with co-workers, is unable to make complex detailed decisions, and should not be required to adapt to greater than simple, gradual changes in the workplace.  Id.  The ALJ found, at step four, that Evans was unable to perform any past relevant work.  Tr. 91.  Finally, at the fifth step, the ALJ found that considering Evans's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue.  Tr. 25-26.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.   DISCUSSION

Evans objects to the R&R on three grounds, arguing the magistrate judge erred in: (1) finding that the ALJ properly considered certain opinion evidence when making her RFC analysis; (2) finding that the ALJ properly analyzed Evan's credibility; and (3) finding that the Appeals Council properly declined to review new evidence.

The court considers each objection in turn.

#### A.     RFC Analysis

Evans first appears to argue that the magistrate judge erred in finding that the ALJ properly explained her assessment of Evans's RFC. Pl.'s Objections 1. Specifically, Evans argues the ALJ failed to properly consider the opinions of social worker Gregory E. Valdez and psychologist Dr. James H. Way, as well as "the assessments of several

medical providers as reflected in the GAF (Global Assessment of Functioning) scores that they provided." Pl.'s Objections 1-4.

### 1.     Valdez's Opinion

Evans essentially argues that the magistrate judge erred in finding the ALJ's evaluation of Valdez's opinion was supported by substantial evidence. Pl.'s Objections 1-2. Specifically, Evans contends the ALJ improperly "found the opinion to be inconsistent with the record."[2] Id.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c). Medical opinions are evaluated pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The regulations distinguish acceptable medical sources from "other sources," which include social workers. See 20 C.F.R. § 404.1513(d). Evidence from sources other than acceptable medical sources may be used to show the severity of a claimant's impairments and how it affects the claimant's ability to work. Id. "The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each

---

[2] To the extent Evans argues the ALJ failed to properly consider Valdez's discussion of Evans's medication history, Pl.'s Objections 2, this assertion is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not the province of this court. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

5

case." SSR 06-03p. "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." Id. When evaluating such a source, "the adjudicator generally should explain the weight given to [such] opinion[s] . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id.

When considering Valdez's opinions, the ALJ first noted that the determination of whether an individual is unable to work is reserved for the Commissioner and that such an opinion is not given any special significance on the issue of disability. Tr. 90; see 20 C.F.R. § 404.1527(d)(1), (3) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled. . . . We will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."). The ALJ then gave "little weight" to Valdez's opinion that "it would be difficult for the claimant to seek employment, let alone keep a job if she could find one." Tr. 90. The ALJ further determined that "some of Mr. Valdez's assertions are not consistent with the record as a whole." Tr. 90.

As a social worker, Valdez is considered an "other source" whose opinions are entitled to "significantly less weight." Craig, 76 F.3d at 590. Contrary to Evans's assertions, the ALJ adequately explained the weight she assigned to Valdez's opinion. The ALJ noted inconsistencies in treatment records from Lee County Mental Health Center, the clinic at which Valdez is the clinical director. Tr. 90. The ALJ noted that although treatment notes from the Center indicated Evans "reported staying paranoid and

6

having passing suicidal ideations" while off her medication, they also noted Evans "as having euthymic mood, appropriate affect, normal appearance, normal speech, no psychomotor abnormalities, and cooperative behavior." Id.  As a result, the ALJ afforded little weight to Valdez's opinion.  The court finds that the ALJ adequately considered Valdez's opinion and that her decision to afford it little weight is supported by substantial evidence.

### 2.     Dr. Way's Opinion

Evans next argues that the magistrate judge erred in finding that the ALJ properly considered Dr. Way's opinion when assessing Evan's RFC.  Pl.'s Objections 3-4.  Evans contends the ALJ failed to properly consider Dr. Way's assessment reporting Evans's poor memory and concentration.  Id., Tr. 616.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence.  20 C.F.R. § 404.1527(c).  In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not."  20 C.F.R. § 404.1527(c)(1).

On August 17, 2010, Dr. Way evaluated Evans and opined that she possessed "adequate intellectual skills to perform basic self-care tasks, to perform other basic activities of daily living, and to learn at least simple, repetitive, and unskilled occupational tasks."  Tr. 616 (emphasis added).  The ALJ gave "significant weight" to Dr. Way's opinion.  Tr. 90.  Indeed, the ALJ included the opinion in Evans's RFC, determining that Evans could perform unskilled work, but could not make complex,

detailed decisions.  Tr. 88.  The RFC further stated Evans "should not be required to adapt to greater than simple, gradual changes in the workplace."  Id.

Evans asserts certain notes in Dr. Way's assessment indicate she would not "be able to consistently perform work for 8 hours a day, 5 days a week on a sustained basis." Pl.'s Objections 3.  Specifically, Dr. Way "indicated that Evans had struggled to recall a 3-step command and was only able to recall one of three words after several minutes." Pl.'s Objections 3.  However, Dr. Way expressly opined that Evans could perform "occupational tasks."  Tr. 616.  Therefore, Evans's argument that Dr. Way's opinion undermines the ALJ's RFC analysis is without merit.

### 3. GAF Scores

Evans next argues the magistrate judge erred by failing to respond to Evans's argument "that the ALJ failed to properly consider the assessments of several medical providers as reflected in the GAF scores they provided."  Pl.'s Objections 2.  Specifically, Evans contends the GAF scores provided by "Lee County Mental Health Center, Tuomey Healthcare, and Dr. Douglas R. Ritz supported a finding that Evans could not perform substantial gainful activity on a competitive and ongoing basis, and the ALJ failed to explain how this evidence was inconsistent with the record as a whole."  Pl.'s Br. 25, Pl.'s Objections 2.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence.  20 C.F.R. § 404.1527(c).  As an initial matter, "[w]ithout additional context, a GAF score is not

meaningful."[3] Green v. Astrue, No. 1:10-cv-1840, 2011 WL 1770262, *18 (D.S.C. May 9, 2011); see also Parker v. Astrue, 664 F. Supp. 2d 544, 557 (D.S.C. 2009) (stating that a plaintiff's "GAF score is only a snapshot in time, and not indicative of Plaintiff's long term level of functioning"). Rather, "a GAF rating is simply another observation which presumably is subsumed into the medical source's final assessment." Simpkins v. Astrue, No. 8:09-cv-855, 2010 WL 3257789, at *7 (D.S.C. May 13, 2010).

Contrary to Evan's assertions, the ALJ extensively discussed her reasons for discounting the GAF scores in question, finding them inconsistent with the record as a whole. Tr. 90. Indeed, she discussed each medical provider individually, explaining why he gave their low GAF scores "little weight." Id. The ALJ noted the providers' scores were inconsistent with "evidence indicating improvement of the claimant's mental health symptoms in treatment." Id. The ALJ further noted, in reference to the low GAF scores given by Lee County Mental Health Center, that "[t]here are no standards for the clinician in estimating GAF." Id. Additionally, the ALJ explained she gave little weight to the low GAF scores given by Tuomey Healthcare because, among other reasons, "the evidence of record indicates that the claimant's suicidal ideations are from external stressors." Id. The court finds that the ALJ adequately considered the GAF scores in question and that her decision to afford them little weight is supported by substantial evidence.

Evans's first objection fails.

---

[3] The American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, fourth edition ("DSM-IV"), contains a numeric scale (0 through 100) used to rate the severity of psychological symptoms and/or social, occupational, or school functioning.

### B.      Credibility

Evans next argues the magistrate judge erred in finding that the ALJ properly analyzed Evans's credibility. Pl.'s Objections 4-5. Evans asserts that the ALJ failed to consider evidence beyond objective medical evidence and "failed to refer specifically to the evidence informing" her credibility determination. Id.

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain. Craig, 76 F.3d at 594. First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. Id.; SSR 96-7p. Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595; SSR 96-7p. This evaluation must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it. Craig, 76 F.3d at 595 (citations omitted).

An ALJ evaluating a claimant's subjective complaints "should refer specifically to the evidence informing the ALJ's conclusion." Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). In addition, an ALJ's decision regarding a claimant's credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make

clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7p.

In her decision, the ALJ's credibility analysis outlined the required two-step process and identified specific reasons for her credibility finding supported by the record. Contrary to Evans's assertions, the ALJ explicitly considered Evans's subjective reports throughout her RFC analysis and explained in detail why she did not find them "fully credible."  Tr. 89-90.

The ALJ did not err disregarding Evans's testimony to the extent it is inconsistent with the evidence in the record.  See Johnson v. Barnhart, 434 F.3d 650 at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).  Here, Evans's objection is essentially an invitation to the court to reweigh the evidence and come to its own credibility determination.  As such, the Court declines to substitute its judgment for that of the ALJ.

Evans's second objection fails.

### C.     New Evidence

Evans next argues the magistrate judge erred in finding that the Appeals Council properly declined to review Evans's new evidence.  Pl.'s Objections 5-6.  Evans maintains that the Appeals Council should have reviewed a medical record from Kershaw Health Medical Center dated August 21, 2012, documenting a bilateral MRI of her hips. Id.  Evans argues that this evidence "is reflective of a possible earlier and progressive degeneration."  Id.

While a claimant may present additional evidence to the Appeals Council that was not available to the ALJ, the Appeals Council must review additional evidence only if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep., of Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991); see also 20 C.F.R. § 404.970(b); Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'" Meyer, 662 F.3d at 705 (quoting Wilkins, 953 F.2d at 96).

As an initial matter, the medical record at issue does not appear to be material. Evans submits that this record reveals degenerative changes in her hips, and is "linked to the earlier documented hip and leg pain." Pl.'s Objections 5. However, Evans fails to explain how this evidence would have changed the ALJ's disability determination. Indeed, the MRI noted the degenerative changes were "felt to be mild to moderate." Tr. 20. Furthermore, the functional limitations noted on December 12, 2012, months after the MRI was taken, do not report any limitations that the ALJ has not already considered. Tr. 23. Dr. Jane Whiteside, who performed the MRI, noted that Evans was "having difficulty with activities of daily living, ambulation and even pain while seated." Id. In her decision, the ALJ noted Evans had "moderate restriction of activities of daily living" and was "not functioning well with daily hygiene tasks at times." Tr. 87. The ALJ further noted Evans had "trouble walking up stairs [and] cannot sit for a long time." Tr. 88.

Even if these records were new and material evidence, it would still be inappropriate for the Appeals Council to consider them because they do not relate to the

period on or before the ALJ's decision.  Evans asserts that, because she reported hip and leg pain in February, July, and August of 2011, the record relates to the period before the date of the ALJ's decision.  Pl.'s Objections 5.  However, nothing in this MRI "addresses whether or not [Evans] was disabled during the relevant time period."  Bishop v. Astrue, No. 1:10-cv-2714, 2012 WL 951775, *4 (D.S.C. March 20, 2012) (finding new evidence did not relate back to the period when plaintiff was insured because it did not "provide evidence of plaintiff's impairments at that time") (emphasis added).  The MRI dated August 21, 2012 reflects the condition of Evans' hip on that date, which was months after the ALJ issued his opinion in this case.  Tr. 20, 93.  See Edwards v. Astrue, 2008 WL 474128, at *9 (W.D. Va. Feb. 20, 2008) ("The [new records] do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision.").

     The magistrate judge did not err in her assessment of the Appeals Council's actions.  As a result, Evans's final objection is overruled.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, and

**AFFIRMS** the Commissioner's decision.

    **AND IT IS SO ORDERED**.

                              **DAVID C. NORTON**
                              **UNITED STATES DISTRICT JUDGE**

**September 29, 2014**
**Charleston, South Carolina**